IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC., BAYER PHARMA AKTIENGESELLSCHAFT and BAYER AKTIENGESELLSCHAFT, | ) | |
| Plaintiffs, | ) | |
| | ) | C.A. No. 25-1247-JLH |
| v. | ) | |
| TEVA PHARMACEUTICALS, INC. and TEVA PHARMACEUTICALS USA, INC., | ) | |
| Defendants. | ) | |

**DEFENDANTS TEVA PHARMACEUTICALS, INC.'S AND TEVA PHARMACEUTICALS USA, INC.'S ANSWER AND COUNTERCLAIMS**

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendants Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc.*

OF COUNSEL:
Michael W. Johnson
Heather M. Schneider
Zachary S. Travis
GEMINI LAW LLP
32 West 39th Street
New York, NY 10018
(917) 915-8832

Dated: January 20, 2026

Defendants Teva Pharmaceuticals, Inc. ("Teva Inc.") and Teva Pharmaceuticals USA, Inc. ("Teva USA") (together, "Teva") answer the Complaint for Patent Infringement and Declaratory Judgment of Patent Infringement brought by Plaintiffs Bayer Healthcare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft, and Bayer Aktiengesellschaft (collectively, "Plaintiffs" or "Bayer"). This pleading is based upon Teva's knowledge as to its own activities, and upon information and belief as to the activities of others. Pursuant to Fed. R. Civ. P. 8(b)(3), Teva denies all allegations in Plaintiffs' Complaint except those admitted specifically below.

**NATURE OF THE ACTION**

1. Paragraph 1 contains conclusions of law to which no response is required. To the extent a response is required, Teva admits the above-captioned action purports to be an action for patent infringement. Teva further admits that Teva Inc. submitted Abbreviated New Drug Application No. 220737 ("Teva's ANDA") to the United States Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, or sale of finerenone tablets, 10 mg and 20 mg ("Teva's ANDA Product"), prior to the expiration of the United States Patent No. RE49,826 (the "RE'826 Patent"). Teva admits that Exhibit A to the Complaint purports to be a true and correct copy of the RE'826 Patent. Teva denies the remaining allegations in Paragraph 1 of the Complaint.

**THE PARTIES**

2. Teva lacks knowledge or information as to the truth of the allegations in Paragraph 2 of the Complaint and therefore denies them.

3. Teva lacks knowledge or information as to the truth of the allegations in Paragraph 3 of the Complaint and therefore denies them.

4. Teva lacks knowledge or information as to the truth of the allegations in Paragraph

4 of the Complaint and therefore denies them.

5. Teva lacks knowledge or information as to the truth of the allegations in Paragraph 5 of the Complaint and therefore denies them.

6. Plaintiffs' Complaint against Teva Pharmaceuticals Ltd. ("Teva Ltd.") was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 6 of the Complaint.

7. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 7 of the Complaint.

8. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 8 of the Complaint.

9. Admitted.

10. Admitted.

11. Paragraph 11 contains conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest personal jurisdiction over it for the purposes of this action only. Teva denies the remaining allegations of Paragraph 11 of the Complaint.

12. Admitted.

13. Admitted.

14. Paragraph 14 contains conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest personal jurisdiction over it for the purposes of this action only. Teva denies the remaining allegations of Paragraph 14 of the Complaint.

15. Teva admits that it submitted Teva's ANDA to the FDA. Teva denies the remaining allegations of Paragraph 15 of the Complaint.

16. Paragraph 16 contains conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest personal jurisdiction over it for the purposes of this action only. Teva denies the remaining allegations of Paragraph 16 of the Complaint.

## JURISDICTION AND VENUE

17. Paragraph 17 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits the above-captioned action purports to be an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Teva denies the remaining allegations of Paragraph 17 of the Complaint.

18. Paragraph 18 contains conclusions of law to which no response is required. To the extent that a response is required, Teva does not contest that this Court has jurisdiction over the subject matter of this action. Teva denies the remaining allegations of Paragraph 18 of the Complaint.

19. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of

Paragraph 19 of the Complaint.

20. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 20 of the Complaint.

21. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 21 of the Complaint.

22. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 22 of the Complaint.

23. Plaintiffs' Complaint against Teva Ltd. was dismissed pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i) on December 11, 2025. *See* D.I. 12. Teva denies the remaining allegations of Paragraph 23 of the Complaint.

24. Paragraph 24 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Teva Inc. is a corporation organized and existing under the laws of the State of Delaware. Teva further does not contest that venue is proper for purposes of this action only. Teva denies the remaining allegations of Paragraph 24 of the Complaint.

25. Paragraph 25 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Teva USA is a corporation organized and existing under the laws of the State of Delaware. Teva further does not contest that the Court has

personal jurisdiction over Teva Inc. for purposes of this action only. Teva denies the remaining allegations of Paragraph 25 of the Complaint.

26. Paragraph 26 contains conclusions of law to which no response is required. To the extent that a response is required, Teva Inc. does not contest personal jurisdiction for the purposes of this action only. Teva denies the remaining allegations of Paragraph 26 of the Complaint.

27. Paragraph 27 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Teva USA is a corporation organized and existing under the laws of the State of Delaware. Teva further does not contest that the Court has personal jurisdiction over Teva USA for purposes of this action only. Teva denies the remaining allegations of Paragraph 27 of the Complaint.

28. Paragraph 28 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Teva USA is a corporation organized and existing under the laws of the State of Delaware. Teva further does not contest that the Court has personal jurisdiction over Teva USA for purposes of this action only. Teva denies the remaining allegations of Paragraph 28 of the Complaint.

29. Paragraph 29 contains conclusions of law to which no response is required. To the extent that a response is required, Teva USA does not contest personal jurisdiction for the purposes of this action only. Teva denies the remaining allegations of Paragraph 29 of the Complaint.

30. Paragraph 30 contains conclusions of law to which no response is required. To the extent that a response is required, Teva USA does not contest personal jurisdiction for the

purposes of this action only. Teva denies the remaining allegations of Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**BAYER'S APPROVED KERENDIA® AND THE RE'826 PATENT**

35. Paragraph 35 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Kerendia® is listed in the Orange Book, and that the RE'826 Patent is listed in the Orange Book in association with Kerendia®. Teva denies the remaining allegations of Paragraph 35 of the Complaint.

36. Teva admits that Exhibit C to the Complaint purports to be a true and correct copy of the prescribing information for Kerendia®. Teva lacks knowledge or information as to the truth of the allegations in Paragraph 36 of the Complaint and therefore denies them.

37. Paragraph 37 purports to cite Exhibit C, which speaks for itself. Teva denies the remaining allegations of Paragraph 37 of the Complaint.

38. Paragraph 38 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that Kerendia® is listed in the Orange Book, and that the RE'826 Patent is listed in the Orange Book in association with Kerendia®. Teva denies the remaining allegations of Paragraph 38 of the Complaint.

39. Denied.

40. Paragraph 40 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that the face of the RE'826 Patent states that it is a reissue of U.S. Patent No. 10,336,749 ("'749 Patent") and that the '749 Patent states that it issued on July 2, 2019. Teva admits that the RE'826 Patent states that it comprises claims 14-30. Teva denies the remaining allegations of Paragraph 40 of the Complaint.

41. Paragraph 41 contains conclusions of law to which no response is required. To the extent that a response is required, Teva admits that the face of the RE'826 Patent lists Bayer Pharma Aktiengesellschaft as the assignee. Teva denies the remaining allegations of Paragraph 41 of the Complaint.

42. Paragraph 42 contains conclusions of law to which no response is required. To the extent that a response is required, Teva lacks knowledge or information as to the truth of the allegations in Paragraph 42 of the Complaint and therefore denies them.

## TEVA'S ANDA AND NOTICE LETTER

43. Teva admits that Teva Inc. submitted Teva's ANDA to the FDA seeking United States marketing approval for Teva's ANDA Product prior to the expiration of the RE'826 Patent. Teva denies the remaining allegations of Paragraph 43 of the Complaint.

44. Teva admits that Teva Inc. sent a letter ("Notice Letter") dated August 26, 2025, to Bayer giving notice that Teva has submitted Teva's ANDA to the FDA and stating that the claims of the RE'826 Patent "are not valid, unenforceable, or will not be infringed by the commercial manufacture, use or sale of Teva's [ANDA Product]." Teva admits that Bayer received Teva's Notice Letter on August 27, 2025. Teva denies the remaining allegations of Paragraph 44 of the

Complaint.

45. Teva's Notice Letter speaks for itself and is the best source for its content. Teva denies the remaining allegations of Paragraph 45 of the Complaint.

46. Teva's Notice Letter speaks for itself and is the best source for its content. Teva denies the remaining allegations of Paragraph 46 of the Complaint.

47. Teva's Notice Letter speaks for itself and is the best source for its content. Teva denies the remaining allegations of Paragraph 47 of the Complaint.

48. Teva's Notice Letter speaks for itself and is the best source for its content. Teva admits that Teva provided access to Teva's ANDA on September 16, 2025. Teva denies the remaining allegations of Paragraph 48 of the Complaint.

49. Denied.

50. Paragraph 50 contains conclusions of law to which no response is required. To the extent a response is required, Teva will not contest personal jurisdiction for the purposes of this action. Teva denies the remaining allegations of Paragraph 50 of the Complaint.

51. Paragraph 51 contains conclusions of law to which no response is required. To the extent a response is required, Teva admits that Teva Inc. submitted and seeks approval of Teva's ANDA. Teva denies the remaining allegations of Paragraph 51 of the Complaint.

52. Paragraph 52 contains conclusions of law to which no response is required. Teva admits that Plaintiffs filed the Complaint on October 9, 2025. Teva denies the remaining allegations of Paragraph 52 of the Complaint.

**FIRST CAUSE OF ACTION**
**<u>INFRINGEMENT OF THE RE'826 PATENT</u>**

53. Teva incorporates by reference each of its responses to Paragraphs 1-52.

54. Teva admits that Teva Inc. submitted and seeks approval of Teva's ANDA. Teva denies the remaining allegations of Paragraph 54 of the Complaint.

55. Teva admits that Teva Inc. submitted and seeks approval of Teva's ANDA. Teva denies the remaining allegations of Paragraph 55 of the Complaint.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**SECOND CAUSE OF ACTION**
**<u>DECLARATORY JUDGMENT OF INFRINGEMENT OF THE RE'826 PATENT</u>**

63. Teva incorporates by reference each of its responses to Paragraphs 1-62.

64. Paragraph 64 contains conclusions of law to which no response is required. To the extent a response is required, Teva denies the allegations contained in this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

## PRAYER FOR RELIEF

This section of the Complaint constitutes Prayers for Relief for which no response is required. Teva denies that Plaintiffs are entitled to any of the requested relief or any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

Teva asserts the following defenses without prejudice to the denials in this Answer, and without admitting any allegations of the Complaint not otherwise admitted. Teva does not assume the burden of proof on any such defenses, except as required by applicable law with respect to the particular defense asserted. Teva reserves the right to assert additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

### FIRST DEFENSE: NON-INFRINGEMENT US PATENT NO. RE49,826

Teva does not, has not, and will not infringe, literally or under the doctrine of equivalents, any valid and enforceable claim of the RE’826 Patent, either directly, indirectly, contributorily, by inducement, or in any other manner.

### SECOND DEFENSE: INVALIDITY OF U.S. PATENT NO. RE49,826

Each claim of the RE’826 Patent is invalid for failing to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code §§ 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 113, or any judicially created bases for

invalidation.

**THIRD DEFENSE: FAILURE TO STATE A CLAIM**

Plaintiffs fail to state a claim upon which relief can be granted.

**FOURTH DEFENSE: COSTS**

Upon information and belief, Plaintiffs are barred under 35 U.S.C. § 288 from recovering costs in connection with this action.

**FIFTH DEFENSE: ADEQUATE REMEDY AT LAW, NO INJUNCTIVE RELIEF**

Plaintiffs are not entitled to injunctive relief at least because any alleged injury to Plaintiffs is not immediate or irreparable, Plaintiffs have an adequate remedy at law, and/or public policy concerns weigh against any injunctive relief.

**SIXTH DEFENSE: EQUITABLE DEFENSES**

Plaintiffs' claims, in whole or in part, are barred by equitable doctrines including, but not limited to, waiver, equitable estoppel, judicial estoppel, disclaimer, dedication/disclosure, acquiescence, patent misuse, and/or unclean hands.

**SEVENTH DEFENSE: NO EXCEPTIONAL CASE**

Teva's actions in defending this case do not give rise to an exceptional case under 35 U.S.C. § 285.

**SEVENTH DEFENSE: ADDITIONAL DEFENSES**

Teva reserves the right to add to or amend this list of Affirmative Defenses with additional defenses that discovery may yield.

**COUNTERCLAIMS**

Defendants and Counterclaim Plaintiffs Teva Pharmaceuticals, Inc. ("Teva Inc.") and Teva Pharmaceuticals USA, Inc. ("Teva USA") (together, "Teva" or "Counterclaim Plaintiff")

assert the following counterclaims against Plaintiffs Bayer Healthcare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft ("Bayer Pharma AG"), and Bayer Aktiengesellschaft ("Bayer AG") (collectively, "Bayer" or "Counterclaim Defendants").

**NATURE OF THE COUNTERCLAIMS**

1. These Counterclaims seek a declaratory judgment that Abbreviated New Drug Application ("ANDA") No. 220737 seeking United States marketing approval for finerenone tablets, 10 mg and 20 mg ("Teva's ANDA Product") does not infringe any valid and enforceable claim of United States Patent No. RE49,826 (the "RE'826 Patent" or the "Patent-in-Suit"); that Teva's manufacture, use, offer to sell, sale, and/or importation into the United States of Teva's ANDA Product will not infringe, either directly or indirectly, any valid and enforceable claim of the RE'826 Patent, either literally or under the doctrine of equivalents; and that each and every claim of the RE'826 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**THE PARTIES**

2. Teva Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 400 Interspace Parkway, Parsippany, New Jersey 07054.

3. Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interspace Parkway, Parsippany, New Jersey 07054.

4. Upon information and belief, Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Bayer Blvd., Whippany, NJ 07981.

5. Upon information and belief, Bayer Pharma AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

6. Upon information and belief, Bayer AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

## JURISDICTION AND VENUE

7. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

9. This Court has personal jurisdiction over Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, and Bayer AG because each Counterclaim Defendant has availed itself of the legal protections of Delaware by initiating and prosecuting this action, and by voluntarily submitting to and employing the jurisdiction of the Court as a plaintiff in this matter.

10. Venue is proper for these counterclaims under 28 U.S.C. §§ 1391 and 1400 because Counterclaim Defendants have filed suit in this case, and have voluntarily submitted to the jurisdiction of the Court in this matter.

## FACTUAL BACKGROUND

11. According to the United States Food & Drug Administration ("FDA") publication

entitled "Approved Drug Products and Therapeutic Equivalence Evaluations" (the "Orange Book"), Bayer HealthCare Pharmaceuticals Inc. holds approved New Drug Application ("NDA") No. 213378 for finerenone tablets under the brand name Kerendia®.

12. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

13. Upon information and belief, based on the allegations in the Complaint, Bayer Pharma AG purports to be the assignee of the RE'826 Patent.

14. Upon information and belief, based on the allegations in the Complaint, Bayer Pharma AG purports to be the exclusive licensee of the Patent-in-Suit.

15. Upon information and belief, one or more of the Counterclaim Defendants caused the Patent-in-Suit to be listed in the Orange Book as a patent that purports to cover Kerendia®.

16. Teva submitted ANDA No. 220737 seeking United States marketing approval for Teva's ANDA Product prior to the expiration of the Patent-in-Suit.

17. On or around August 26, 2025, Teva sent Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG a notice letter providing notice that Teva's submission of ANDA No. 220737 to the FDA was filed with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the Patent-in-Suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Production ("Teva's Notice Letter"). Pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), Teva's Notice Letter included a detailed statement of the factual and legal basis for the certification that the Patent-in-Suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Product.

18. Upon information and belief, based on the allegations in the Complaint, Bayer HealthCare Pharmaceuticals Inc. received Teva's Notice Letter on August 27, 2025.

19. On October 9, 2025, Counterclaim Defendants sued Teva in the District of Delaware alleging infringement of the Patent-in-Suit.

**COUNT 1**
**(Declaratory Judgment of Invalidity of U.S. Patent No. RE49,826)**

20. Teva realleges and incorporates by reference the allegations in Paragraphs 1-19 of these Counterclaims as fully set forth herein.

21. There is an actual, substantial, continuing, and justiciable controversy between Teva and Bayer regarding the invalidity of the Patent-in-Suit based on Bayer's allegations in its Complaint that Teva has infringed or will infringe the Patent-in-Suit.

22. Each and every claim of the Patent-in-Suit is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C, §§ 102, 103, and/or 112.

23. The claimed invention of the Patent-in-Suit was patented, described in a printed publication, in public use, or otherwise available to the public more than one year before the effective filing date of the claimed invention, and not subject to any exception under 35 U.S.C, § 102(b)(1).

24. The Patent-in-Suit describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

25. The alleged invention of the Patent-in-Suit does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the Patent-in-Suit is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the Patent-in-Suit and would have had a reasonable expectation of success in doing so.

26. The subject matter claimed in the Patent-in-Suit fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

27. Teva incorporates by reference the Teva Notice Letter, which contains exemplary and nonlimiting explanations for why the Patent-in-Suit is invalid and/or not infringed by the Teva ANDA, or Teva's ANDA Product, and/or activities described therein.

28. Teva is entitled to a judicial declaration that all claims of the Patent-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**COUNT 2**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. RE49,826)**

29. Teva realleges and incorporates by reference the allegations in Paragraph 1-28 of these Counterclaims as if fully set forth herein.

30. There is an actual, substantial, continuing, and justiciable controversy between

Teva and Bayer regarding whether Teva's submission of ANDA No. 220737, and/or Teva's manufacture, use, offer to sell, sale, and/or importation into the United States of Teva's ANDA Product has infringed, or will infringe any valid and enforceable claim of the Patent-in-Suit either directly or indirectly, and either literally or under the doctrine of equivalents.

31. Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the Patent-in-Suit either literally or under the doctrine of equivalents and is not liable for such infringement.

32. Teva incorporates by reference the Teva Notice Letter, which contains exemplary and nonlimiting explanations for why the Patent-in-Suit is invalid and/or not infringed by the Teva ANDA, or Teva's ANDA Product, and/or activities described therein.

33. Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the Patent-in-Suit either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of Teva's ANDA Product has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the Patent-in-Suit.

34. This case is an exceptional one, and Teva is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**PRAYER FOR RELIEF**

WHEREFORE, Teva requests that this Court enter judgment in its favor and against Bayer as follows:

a. Dismissing the Complaint with prejudice and denying each and every prayer for relief contained therein;

b. Declaring that the claims of the Patent-in-Suit are invalid and/or unenforceable;

c. Declaring that the filing of the ANDA No. 220737 has not infringed and does not infringe any valid and enforceable claim of the Patent-in-Suit, either literally or under the doctrine of equivalents;

d. Declaring that Teva has not directly or indirectly infringed, induced infringement of, or contributed to the infringement of any valid and enforceable claim of the Patent-in-Suit, either literally or under the doctrine of equivalents;

e. Declaring that the manufacture, use, offer to sell, sale, and/or importation into the United States of Teva's ANDA Product does not, and would not, if marketed, infringe any valid and enforceable claim of the Patent-in-Suitt;

f. Declaring Teva, the prevailing party and awarding costs and attorney fees to Teva;

g. Declaring this is an exceptional case in favor of Teva pursuant to 35 U.S.C. § 285;

h. Awarding Teva its attorneys' fees pursuant to 35 U.S.C. § 285 and/or under all applicable statutes and rules in common law that would be appropriate;

i. Awarding Teva costs and expenses under all applicable statutes and rules in common law that would be appropriate; and

j. Awarding any and all such other relief as the Court determines to be just and proper.

*/s/ Virginia K. Lynch*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
Emily S. DiBenedetto (No. 6779)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
edibenedetto@shawkeller.com
glynch@shawkeller.com
*Attorneys for Defendants Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc.*

OF COUNSEL:
Michael W. Johnson
Heather M. Schneider
Zachary S. Travis
GEMINI LAW LLP
32 West 39th Street
New York, NY 10018
(917) 915-8832

Dated: January 20, 2026