**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BAYER HEALTHCARE PHARMACEUTICALS INC.; BAYER PHARMA AKTIENGESELLSCHAFT; and BAYER AKTIENGESELLSCHAFT,<br><br>Plaintiffs,<br><br>v.<br><br>TEVA PHARMACEUTICALS, INC. and TEVA PHARMACEUTICALS USA, INC.,<br><br>Defendants. | C.A. No. 25-1247-JLH |

**<u>PLAINTIFFS' ANSWER TO TEVA PHARMACEUTICALS, INC. AND TEVA PHARMACEUTICALS USA, INC.'S COUNTERCLAIMS</u>**

Plaintiffs Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma Aktiengesellschaft ("Bayer Pharma AG"), and Bayer Aktiengesellschaft ("Bayer AG") (collectively, "Bayer" or "Plaintiffs"), by and through their attorneys, hereby submit this Answer to the Counterclaims of Defendants Teva Pharmaceuticals, Inc. and Teva Pharmaceuticals USA, Inc. (collectively, "Teva" or "Defendants" or "Counterclaim Plaintiffs") filed January 20, 2026 (D.I. 17).

Solely for convenience, the headings from Teva's Answer, Affirmative Defenses, and Counterclaims (D.I. 17) are reproduced below. Bayer denies each and every allegation in Teva's Counterclaims that is not specifically admitted below. For any factual allegation admitted below, Bayer admits only the specific admitted facts, and not any purported conclusions, characterizations, implications, or speculations that arguably follow from the admitted facts. Bayer denies that Teva is entitled to the relief requested or any other relief. Bayer responds to Teva's Counterclaims as follows:

## COUNTERCLAIMS OF DEFENDANT

1. These Counterclaims seek a declaratory judgment that Abbreviated New Drug Application ("ANDA") No. 220737 seeking United States marketing approval for finerenone tablets, 10 mg and 20 mg ("Teva's ANDA Product") does not infringe any valid and enforceable claim of United States Patent No. RE49,826 (the "RE'826 Patent" or the "Patent-in-Suit"); that Teva's manufacture, use, offer to sell, sale, and/or importation into the United States of Teva's ANDA Product will not infringe, either directly or indirectly, any valid and enforceable claim of the RE'826 Patent, either literally or under the doctrine of equivalents; and that each and every claim of the RE'826 Patent is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, and/or 112.

**ANSWER**: This paragraph is in the nature of introductory sentences to which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

## THE PARTIES

2. Teva Inc. is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 400 Interspace Parkway, Parsippany, New Jersey 07054.

**ANSWER**: On information and belief, Plaintiffs admit the allegations of this paragraph.

3. Teva USA is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 400 Interspace Parkway, Parsippany, New Jersey 07054.

**ANSWER**: On information and belief, Plaintiffs admit the allegations of this paragraph.

4. Upon information and belief, Bayer HealthCare Pharmaceuticals Inc. is a corporation organized and existing under the laws of the State of Delaware and has a principal place of business at 100 Bayer Blvd., Whippany, NJ 07981.

**ANSWER**: Admitted.

5. Upon information and belief, Bayer Pharma AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Müllerstrasse 178, 13353 Berlin, Germany.

**ANSWER**: Admitted.

6. Upon information and belief, Bayer AG is a corporation organized and existing under the laws of Germany and has a principal place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

**ANSWER**: Admitted.

**JURISDICTION AND VENUE**

7. This is a declaratory judgment action arising under the patent laws of the United States, Title 35, United States Code. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The requested relief is authorized by the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that this Court has subject matter jurisdiction over the declaratory judgment counterclaims. Plaintiffs deny any remaining allegations of this paragraph.

8. This Court has subject-matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 2201.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit this Court has subject matter jurisdiction over the counterclaims. Plaintiffs deny any remaining allegations of this paragraph.

9. This Court has personal jurisdiction over Bayer HealthCare Pharmaceuticals Inc., Bayer Pharma AG, and Bayer AG because each Counterclaim Defendant has availed itself of the legal protections of Delaware by initiating and prosecuting this action, and by voluntarily submitting to and employing the jurisdiction of the Court as a plaintiff in this matter.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that suit against Defendant was brought in this Judicial District, and for the purposes of the above-captioned action only, Plaintiffs admit that this Court has personal jurisdiction over Plaintiffs. Plaintiffs deny any remaining allegations of this paragraph.

10. Venue is proper for these counterclaims under 28 U.S.C. §§ 1391 and 1400 because Counterclaim Defendants have filed suit in this case, and have voluntarily submitted to the jurisdiction of the Court in this matter.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that suit against Defendant was brought in

this Judicial District, and for the purposes of the above-captioned action only, Plaintiffs admit that venue is proper in this Court. Plaintiffs deny any remaining allegations of this paragraph.

## FACTUAL BACKGROUND

11. According to the United States Food & Drug Administration ("FDA") publication entitled "Approved Drug Products and Therapeutic Equivalence Evaluations" (the "Orange Book"), Bayer HealthCare Pharmaceuticals Inc. holds approved New Drug Application ("NDA") No. 213378 for finerenone tablets under the brand name Kerendia®.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that it holds approved New Drug Application No. 213378 for finerenone tablets under the brand name KERENDIA®. Plaintiffs deny any remaining allegations of this paragraph.

12. NDA holders are required to disclose to the FDA the patent numbers of patents claiming the drug or method of using such drug for which the NDA is submitted. The FDA lists these patents in the Orange Book.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that pursuant to 21 U.S.C. § 355(b)(1), the RE'826 Patent is listed in the FDA's Orange Book as covering KERENDIA®. Plaintiffs deny any remaining allegations of this paragraph.

13. Upon information and belief, based on the allegations in the Complaint, Bayer Pharma AG purports to be the assignee of the RE'826 Patent.

**ANSWER**: Admitted.

14. Upon information and belief, based on the allegations in the Complaint, Bayer Pharma AG purports to be the exclusive licensee of the Patent-in-Suit.

**ANSWER**: Plaintiffs deny the allegations of this paragraph. Plaintiffs admit that Bayer AG holds an exclusive license to the RE'826 Patent.

15. Upon information and belief, one or more of the Counterclaim Defendants caused the Patent-in-Suit to be listed in the Orange Book as a patent that purports to cover Kerendia®.

**ANSWER**: This paragraph contains conclusions of law for which no response is required.

To the extent a response is required, Plaintiffs admit that the RE'826 Patent is properly listed in the Orange Book pursuant to 21 U.S.C. § 355(b)(1). Plaintiffs deny any remaining allegations of this paragraph.

16. Teva submitted ANDA No. 220737 seeking United States marketing approval for Teva's ANDA Product prior to the expiration of the Patent-in-Suit.

**ANSWER**: On information and belief, admitted.

17. On or around August 26, 2025, Teva sent Bayer HealthCare Pharmaceuticals Inc. and Bayer Pharma AG a notice letter providing notice that Teva's submission of ANDA No. 220737 to the FDA was filed with a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) that the Patent-in-Suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Production ("Teva's Notice Letter"). Pursuant to 21 U.S.C. § 355(j)(2)(B)(iv)(II), Teva's Notice Letter included a detailed statement of the factual and legal basis for the certification that the Patent-in-Suit is invalid, unenforceable, and/or will not be infringed by Teva's ANDA Product.

**ANSWER**: On information and belief, Plaintiffs admit that Defendant sent Plaintiffs a letter purporting to provide notice of Defendants' submission of ANDA No. 220737 on or around August 26, 2025. Plaintiffs deny any remaining allegations of this paragraph.

18. Upon information and belief, based on the allegations in the Complaint, Bayer HealthCare Pharmaceuticals Inc. received Teva's Notice Letter on August 27, 2025.

**ANSWER**: Admitted.

19. On October 9, 2025, Counterclaim Defendants sued Teva in the District of Delaware alleging infringement of the Patent-in-Suit.

**ANSWER**: Admitted.

## COUNT 1
## (Declaratory Judgment of Invalidity of U.S. Patent No. RE49,826)

20. Teva realleges and incorporates by reference the allegations in Paragraphs 1-19 of these Counterclaims as fully set forth herein.

**ANSWER**: No response is required to the general re-allegation and incorporation by reference of Paragraphs 1-19 of Defendants' Counterclaims. To the extent a response is required, Plaintiffs hereby incorporate by reference their responses to Paragraphs 1 through 19 above as if

fully set forth herein.

21. There is an actual, substantial, continuing, and justiciable controversy between Teva and Bayer regarding the invalidity of the Patent-in-Suit based on Bayer's allegations in its Complaint that Teva has infringed or will infringe the Patent-in-Suit.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that they have filed a civil action for patent infringement and declaratory judgment of infringement of U.S. Patent No. RE49,826, which action arises under the patent laws of the United States, 35 U.S.C. §§ 100 *et seq.*, and under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq. See* Bayer's Complaint, D.I. 1. Plaintiffs admit that there is an actual and justiciable controversy between the parties as to whether Defendants have infringed or will infringe a valid claim of the RE'826 Patent. Plaintiffs deny any remaining allegations of this paragraph.

22. Each and every claim of the Patent-in-Suit is invalid for failure to satisfy one or more provisions of Title 35 of the United States Code, including but not limited to 35 U.S.C, §§ 102, 103, and/or 112.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

23. The claimed invention of the Patent-in-Suit was patented, described in a printed publication, in public use, or otherwise available to the public more than one year before the effective filing date of the claimed invention, and not subject to any exception under 35 U.S.C, § 102(b)(1).

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

24. The Patent-in-Suit describes and claims an alleged invention, the making of which did not involve the inventive faculty but only the obvious judgment, knowledge, and mechanical skill possessed by persons having ordinary skill in the art to which the alleged invention pertains.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

25. The alleged invention of the Patent-in-Suit does no more than combine familiar elements according to known methods to yield predictable results. Any alleged improvement over the prior art set forth in the Patent-in-Suit is no more than the predictable use of prior art elements according to their established functions. A person of ordinary skill in the art would have been motivated to combine the teachings of the prior art to achieve the alleged invention of the Patent-in-Suit and would have had a reasonable expectation of success in doing so.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

26. The subject matter claimed in the Patent-in-Suit fails to comply with 35 U.S.C. §§ 102 and/or 103 in that the differences between the subject matter claimed in the patent and the prior art are such that the subject matter as a whole was either fully anticipated by the prior art or would have been obvious at the time the alleged invention was made to a person having knowledge of such prior art and having ordinary skill in the art to which the claimed subject matter pertains.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

27. Teva incorporates by reference the Teva Notice Letter, which contains exemplary and nonlimiting explanations for why the Patent-in-Suit is invalid and/or not infringed by the Teva ANDA, or Teva's ANDA Product, and/or activities described therein.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

28. Teva is entitled to a judicial declaration that all claims of the Patent-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and/or 112, and/or other judicially created bases for invalidity.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

**COUNT 2**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. RE49,826)**

29. Teva realleges and incorporates by reference the allegations in Paragraph 1-28 of these Counterclaims as if fully set forth herein.

**ANSWER**: No response is required to the general re-allegation and incorporation by reference of Paragraphs 1-28 of Defendants' Counterclaims. To the extent a response is required,

Plaintiffs hereby incorporate by reference their responses to Paragraphs 1 through 28 above as if fully set forth herein.

30. There is an actual, substantial, continuing, and justiciable controversy between Teva and Bayer regarding whether Teva's submission of ANDA No. 220737, and/or Teva's manufacture, use, offer to sell, sale, and/or importation into the United States of Teva's ANDA Product has infringed, or will infringe any valid and enforceable claim of the Patent-in-Suit either directly or indirectly, and either literally or under the doctrine of equivalents.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs admit that there exists an actual case or controversy between the parties as to whether Defendants have infringed or will infringe a valid claim of the RE'826 Patent. Plaintiffs deny any remaining allegations of this paragraph.

31. Teva has not infringed, contributed to the infringement of, or induced the infringement of any valid and enforceable claim of the Patent-in-Suit either literally or under the doctrine of equivalents and is not liable for such infringement.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

32. Teva incorporates by reference the Teva Notice Letter, which contains exemplary and nonlimiting explanations for why the Patent-in-Suit is invalid and/or not infringed by the Teva ANDA, or Teva's ANDA Product, and/or activities described therein.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

33. Teva is entitled to a judicial declaration that it has not infringed, contributed to the infringement of, or induced the infringement of the Patent-in-Suit either literally or under the doctrine of equivalents, and that the manufacture, use, sale, offer for sale, or importation of Teva's ANDA Product has not infringed, does not infringe, and will not infringe any valid and enforceable claims of the Patent-in-Suit.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

34. This case is an exceptional one, and Teva is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

**ANSWER**: This paragraph contains conclusions of law for which no response is required. To the extent a response is required, Plaintiffs deny the allegations of this paragraph.

## TEVA'S PRAYER FOR RELIEF

Bayer denies that Teva is entitled to any of the relief it has requested or to any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Failure to State a Claim

Teva's Counterclaims, in whole or in part, fail to state a cause of action upon which relief may be granted.

### Second Affirmative Defense – No Exceptional Case

Teva's Counterclaims fail to state a claim upon which relief for exceptional cases under 35 U.S.C. § 285 can be granted.

### Third Affirmative Defense – No Waiver

Bayer has not knowingly or intentionally waived any applicable affirmative or other defenses and reserves the right to assert and rely upon such affirmative and other defenses as may become available or apparent during discovery proceedings.

### Fourth Affirmative Defense – Reservation of Rights

Bayer further reserves the right to amend its Answer and/or their affirmative defenses accordingly, and/or to delete affirmative defenses that Bayer determines during the course of subsequent discovery are not applicable.

DATED: February 10, 2026

OF COUNSEL:

Deborah Fishman
Carson D. Anderson
ARNOLD & PORTER KAYE SCHOLER LLP
3000 El Camino Real,
Five Palo Alto Square, Suite 500
Palo Alto, CA 94306-3807
(650) 319-4500
deborah.fishman@arnoldporter.com
carson.anderson@arnoldporter.com

Jeremy Cobb
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001-3743
(202) 942-5000
jeremy.cobb@arnoldporter.com

Abigail Struthers
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, NY 10019-9710
(212) 836-8000
abigail.struthers@arnoldporter.com

MCCARTER & ENGLISH, LLP

/s/ Alexandra M. Joyce
Daniel M. Silver (#4758)
Alexandra M. Joyce (#6423)
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, DE 19801
(302) 984-6300
dsilver@mccarter.com
ajoyce@mccarter.com

*Attorneys for Plaintiffs*
*Bayer HealthCare Pharmaceuticals Inc.*
*Bayer Pharma AG*
*Bayer AG*